PEOPLE ex rel. RICHMOND HOOK & LADDER CO. NO. 4 v. GROUT, Comptroller.

(Supreme Court, Appellate Division, Second Department.  January 16, 1903.)

1. MUNICIPAL CORPORATIONS—VOLUNTEER FIRE COMPANY—FINANCIAL AID— CONSTITUTIONALITY.

 Greater New York Charter, § 722, directing the payment of $1,000 to a volunteer hook and ladder company of the borough of Richmond, is not unconstitutional.

2. SAME—COMPTROLLER—REFUSAL TO PAY ALLOWANCE.

 The refusal of the city comptroller to pay $1,000 to the borough of Richmond for a volunteer hook and ladder company, as required by Greater New York Charter, § 722, unless the borough accounted for a like sum paid in the previous year, was not justified.

Appeal from special term, Kings county.

Mandamus by the people, on the relation of the Richmond Hook & Ladder Company No. 4, against Edward M. Grout, comptroller of the city of New York.  From an order granting a temporary writ, defendant appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

James McKeen, for appellant.

W. A. Shortt, for respondent.

PER CURIAM.  The comptroller of the city of New York appeals from an order granting a writ of peremptory mandamus directing him to pay to the Richmond Hook & Ladder Company of the borough of Richmond the sum of $1,000, as provided by section 722 of the Greater New York Charter.  We have examined the questions raised by the appellant in the light of the authorities cited in his brief, but we are unable to discover that the statute is in violation of any provision of the constitution of this state or of the United States. The act commands the payment of the sum named at a given time, without any other conditions than may be implied from the fact that the Richmond Hook & Ladder Company is authorized by law to continue to discharge the duties for which it was organized until a paid department shall be provided; and the refusal of the comptroller to pay the sum, unless upon an accounting for the like sum paid in the year 1901 under the same statute, was not justified by anything contained in the law.  Volunteer fire companies are recognized as discharging a municipal function, and it is a legitimate use of municipal funds to pay such organizations, the same as it is to pay for a fire protection afforded by a paid department.  The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.

WILLARD BARTLETT, J., concurs in result, being of opinion that the right to payment may be deemed conditional upon the continued rendition of services by the volunteer companies respectively.